IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTONIUS DEWON MARTIN                                                      PLAINTIFF

v.                                    Case No. 4:24-cv-4071

CORRECTIONAL OFFICER
JOHNATHAN EASLEY                                                           DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed on August 29, 2025, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 50.  Judge Comstock recommends that the Court grant Plaintiff's Motion for Default Judgment (ECF No. 40) and enter judgment in favor of Plaintiff against Defendant Johnathan Easley, in his individual capacity, in the amount of $500.00 and punitive damages in the amount of $500.00.  Judge Comstock also recommends that Plaintiff's filing fee be abated and no further deductions be made from his prison account for such fee.  Plaintiff has responded with objections regarding the amount of damages recommended to be entered in his favor.  ECF No. 51.  The Court finds the matter ripe for consideration.

## I.  BACKGROUND

On July 3, 2024, Plaintiff, a self-represented litigant, filed his original complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff is currently an inmate at the Arkansas Division of Correction Wrightsville Unit, but his claims in this lawsuit are based on conduct that occurred while he was an inmate at the Miller County Detention Center ("MCDC").  On August 1, 2024, Plaintiff amended his complaint.  ECF No. 8.  After the Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a), all of Plaintiff's claims were dismissed except for Claim One against Defendants Johnathan Easley and Ashley Spencer.

The Court ordered service on Defendants Easley and Spencer at the Miller County Sheriff's Office.  Both summonses were returned unexecuted with notes that neither Defendant was employed by Miller County.  The Court ordered service again at Defendants' last known home addresses.  ECF No. 22.  Defendant Spencer was never successfully served.  On October 24, 2024, an executed summons on Defendant Easley was returned and filed on the docket.  ECF No. 24.

Defendant Easley did not file an answer or otherwise enter an appearance in this matter. The Court issued an Order to Show Cause (ECF No. 30) to Defendant Easley for failure to file an answer in this matter, and the order was sent to Plaintiff's home address by certified mail with return receipt requested.  On December 6, 2024, the Court received the certified mail with the Order to Show Cause that was sent to Defendant Easley, and it was marked "Refused."  ECF No. 32.

On February 6, 2025, a Clerk's Entry of Default was filed as to Defendant Easley.  On February 7, 2025, Plaintiff filed a Motion for Default Judgment.  ECF No. 40.  On August 21, 2025, Judge Comstock held an evidentiary hearing pursuant to Federal Rule of Civil Procedure 55(b)(2), to take testimony from Plaintiff on the specific issue of damages.

Plaintiff alleges that Defendant Easley denied him medical care for his ear while Plaintiff was incarcerated at the MCDC.  Specifically, Plaintiff claims that a fellow inmate bit his ear lobe off during an attack and that the MCDC detention officers would not answer his emergency call button.  Plaintiff alleges that Defendant Easley passed by Plaintiff's cell,  asked about his ear, noticed that part of his lobe was missing, and did not render aid to him.  Plaintiff further alleges that Defendant Easley did not inform the next shift sergeant that Plaintiff was injured.  In his amended complaint, Plaintiff seeks compensatory and punitive damages for his mental and physical suffering, the loss of his ear lobe, and the refusal of medical care.  ECF No. 8, p. 10.

At the hearing, Plaintiff presented evidence of his damages in the form of testimony. Plaintiff testified that the attack by his cellmate occurred at 4:50 p.m., and Plaintiff was taken to the emergency room around 8:50 p.m. when new officers came on duty for the next shift at the MCDC.  According to Plaintiff, the emergency room doctor told him that his earlobe piece could not be reattached because he had waited too long before coming to the hospital.  Plaintiff's ear wound was glued closed.  Plaintiff stated that the MCDC medical staff took good care of his ear and that it healed well.

Plaintiff testified that he felt terrified after the attack, lost consciousness at some point after the attack, and felt terrible pain while waiting for help.  Plaintiff remained in the cell with his attacker from 4:50 p.m. to 7:00 p.m.

Plaintiff is no longer in pain from his ear, but he testified that he suffers from PTSD from the attack.  He claims that he is self-conscious of his ear and other inmates make fun of it.  Plaintiff believes that the emergency room doctor could have saved his ear if he had been taken to the emergency room sooner.  Plaintiff testified that he has medical expenses from Wadley Hospital regarding his ear but that he has not seen any billing from the hospital.  He assumes the hospital bills are waiting on him upon his release.  Plaintiff testified that he had infirmary charges from the MCDC but did not offer any evidence as to the amount of those charges.

Plaintiff further testified that Defendant Easley refused to remove Plaintiff from his cell after the attack or report his medical needs because Defendant Easley had placed a bet with another officer that Plaintiff's cellmate would attack him.

Judge Comstock's findings from the hearing are as follows.  Plaintiff presented credible evidence of Defendant Easley's deliberate indifference to Plaintiff's serious medical need resulting in permanent deformity of Plaintiff's ear and ensuing emotional harm.  Plaintiff should be awarded

compensatory damages for prolonged physical pain and suffering during the time between Defendant Easley's refusal to report Plaintiff's injury and the time he was treated. Plaintiff's testimony was sufficient to establish that he suffered sufficiently serious injuries to satisfy the Prison Litigation Reform Act's physical injury requirement to recover damages for pain and emotional injury under 42 U.S.C. § 1983. Plaintiff's testimony established that he is entitled to punitive damages. However, Plaintiff did not present sufficient evidence to establish beyond a reasonable degree of certainty that Plaintiff had any medical expenses associated with Defendant Easley's deliberate indifference.

Judge Comstock recommends that Plaintiff's Motion for Default Judgment (ECF No. 40) be granted and default entered in favor of Plaintiff and against Defendant Easley, in his individual capacity, for compensatory damages in the amount of $500 and for punitive damages in the amount of $500. ECF No. 50.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical*

4

*Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III.  DISCUSSION

Plaintiff objects to the amount of damages Judge Comstock recommends in the Report and Recommendation.  ECF No. 51.  Plaintiff states that an award of $1,000.00 is not enough "to cover for future reconstructive surgery, future loss of wages, pain and suffering, mental anguish, and the PTSD" he suffers from.  ECF No. 51.  Plaintiff also requests for his case to be heard by a jury.  He further states that $1,000.00 will not cover the hospital bill that he will be "left to pay from Wadley . . . Hospital."  ECF No. 51.  Plaintiff acknowledges that he was not "able to present to the Court the amount that [the hospital bill] will be."  ECF No. 51.

"When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding."  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  A plaintiff must establish his or her damages to a "reasonable degree of certainty."  *Id.* at 819.  A plaintiff does not have a right to a jury trial on the issue of damages.  *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

The Court agrees with Judge Comstock that Plaintiff did not prove to a reasonable degree of certainty that he was responsible for paying any medical bills related to his claims.  Plaintiff testified that he assumed he would be responsible for a medical bill from Wadley Hospital, but he

did not know the amount of the medical bill.  As of the date of the hearing, Plaintiff had not received a medical bill from Wadley Hospital.  Plaintiff presented no evidence of the amount of prison infirmary charges.  Plaintiff's evidence regarding medical expenses was speculative and far from the reasonable degree of certainty needed to establish damages for medical expenses.  Further, it is uncertain as to whether any portion of these medical expenses are caused by Defendant Easley's deliberate indifference.  Thus, the Court agrees with Judge Comstock that Plaintiff is not entitled to damages for medical expenses.

As to Plaintiff's request for a jury trial on damages, Plaintiff does not have a constitutional right to a jury trial following the entry of default.  *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

Considering Plaintiff's testimony regarding his pain and suffering and deformity of his ear, the Court agrees with Judge Comstock's recommendation that $500.00 should be awarded to Plaintiff for compensatory damages.  Plaintiff was in terrible pain for a few hours after the incident and was in fear of his attacker.  Plaintiff stated that his ear pain lasted for a few months.  He testified that his ear healed well but that it is permanently deformed. Although Plaintiff testified that the piece of his earlobe could have been reattached had he arrived sooner to the hospital, there is no evidence to corroborate this testimony.  Plaintiff testified that he is no longer in physical pain from his ear but that he is self-conscious of the earlobe deformity.  Based on Plaintiff's description of his injuries, the Court finds that $500.00 is fair compensation for these injuries.  The Court also finds that $500.00 is fair compensation for punitive damages.[1]

---

[1] The Court notes that Plaintiff does not specifically object to Judge Comstock's recommendation that Plaintiff receive $500.00 in punitive damages.  Plaintiff's objection relates to the recommendation of $500.00 in compensatory damages, although he lumps the two sums together when he argues that $1,000.00 is not enough to compensate him for "future reconstructive surgery, future loss of wages, pain and suffering, mental anguish, and . . . PTSD." ECF No. 51.

### IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Comstock's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 51) and completely adopts the Report and Recommendation. ECF No. 50. Accordingly, the Court by separate order will enter a default judgment in favor of Plaintiff and against Defendant Johnathan Easley, in his individual capacity, for compensatory damages in the amount of $500 and for punitive damages in the amount of $500. Further, the Court abates Plaintiff's filing fee in this case and orders that no deductions be made from Plaintiff's prison account for such fee.[2]

**IT IS SO ORDERED**, this 30th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2]Plaintiff proceeds *in forma pauperis* and has not yet paid any amount of his filing fee.